JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03389-RGK (JCx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | LI, et al v. THE SYGMA NETWORK, INC., et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 11)

**I.  INTRODUCTION**

On March 8, 2012, Chang Ping Li and JY, a minor by and through Guardian Ad Litem, Chang Ping Li, ("Plaintiffs") filed a complaint against The Sygma Network, Inc. ("Sygma") and Ronald Gerald Rogers ("Rogers") (collectively "Defendants") in the Superior Court of the County of Los Angeles, Central District, California. The complaint alleges that Plaintiffs suffered injuries as a result of a motor vehicle collision. Plaintiffs allege that the collision resulted from Rogers's negligence. At the time of the accident, Sygma employed Rogers, and Rogers was acting within the scope of his employment.

Plaintiffs served Sygma and Rogers on March 20, 2012. On April 19, 2012, Defendants removed the case to this Court on the ground of diversity jurisdiction. Sygma is a corporation that is incorporated in the state of Delaware and has its principal place of business in Ohio. Plaintiffs are citizens of California. Though Rogers is a citizen of California, Defendants allege that Rogers is only a nominal or formal party; therefore, Rogers does not destroy complete diversity.

Presently before the Court is Plaintiffs' Motion to Remand to the California Superior Court. For the following reasons, the Court **GRANTS** the Plaintiffs' Motion.

**II.  FACTUAL BACKGROUND**

The parties allege the following facts:

On May 11, 2010, Rogers, acting in the course and scope of employment with Sygma, struck Plaintiffs' vehicle on the Pomona Freeway in the City of Montebello. Plaintiffs allege that the collision was the result of Rogers's negligence. As a result of the collision, Plaintiffs have suffered injuries and adverse health consequences.

### III.   JUDICIAL STANDARD

Federal courts are courts of limited jurisdiction. Federal courts have subject matter jurisdiction over civil actions where the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity between the parties and meeting the requisite amount in controversy. 28 U.S.C. § 1332. Removal of an action to federal court is proper where the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441. If, after a court's review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Removal statutes are strictly construed against removal and place the burden on defendant to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.* 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### IV.   DISCUSSION

Plaintiffs move to remand pursuant to 28 U.S.C. § 1447 because (1) Defendants' Notice of Removal was untimely and (2) complete diversity does not exist between the parties.

#### A.   Notice of Removal

Plaintiffs argue that by filing the Notice of Removal on the thirtieth (30th) day, Defendants failed to adhere to the statutory language of 28 U.S.C. § 1446(b). Plaintiff argues that the statutory language requires a defendant to file *within* thirty (30) days and that the thirtieth (30th) day is outside the statute's timeframe.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based…" 28 U.S.C. § 1446(b). Case law indicates that filings may take place on the thirtieth (30th) day. "[W]e hold that each defendant is entitled to thirty days to exercise his removal rights *after being served*." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (emphasis added).

Defendants were served on March 20, 2012 and filed a Notice of Removal on April 19, 2012. The filing took place on the thirtieth (30th) day. Because "each defendant is entitled to thirty days to exercise his removal rights," Defendants' filing is timely. *Id.*

#### B.   Complete Diversity

For a defendant to remove a civil action from a state court to a district court of the United States, the action must be one "of which the district courts… have original jurisdiction." 28 U.S.C. § 1441(a). Defendants can use § 1441(a) "to invoke the federal courts' diversity jurisdiction." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction requires the parties to have complete diversity and an amount in controversy of at least $75,000. 28 U.S.C. § 1332.

Plaintiff argues that the action must be remanded because complete diversity does not exist between the parties. The Court agrees.

Diversity jurisdiction applies only "to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because this action is brought under a state-law tort claim and does not involve a federal question claim, diversity jurisdiction must exist in order for the defendant to remove the claim from state court to federal court. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978).

In this action, complete diversity does not exist. Plaintiffs have named Rogers as a defendant, and Plaintiffs and Rogers are residents of California. While the specific claims alleged in the complaint are unclear, the Court interprets the allegations in a light more favorable to Plaintiffs. In doing so, the Court infers that in addition to the respondeat superior claim, Plaintiffs allege that Rogers is individually liable for negligence. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) (holding that "[w]here doubt regarding the right to remove exists, a case should be remanded to state court."). Because Rogers is a named party and is potentially liable for negligence beyond the respondeat superior claim, he is not a nominal party. *See Stortek Corp. v. Air Transport Assoc. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2003) (holding that "[d]efendants who are nominal parties *with nothing at stake* may be disregarded in determining diversity") (emphasis added). Therefore, Defendants' argument is unavailing.

## V.     CONCLUSION

For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |